In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of THOMAS L. HIGGINS, an Attorney and Counselor at Law, Respondent.

Second Department, November 16, 1936.

*George C. Wildermuth,* for the motion.

*Maurice Janklow,* opposed.

PER CURIAM. Respondent, admitted to the bar in 1922, has been before the court on two previous occasions. The first time, it was charged that the respondent had delayed in refunding part of a fee to his client. After the petition had been presented to this court, the refund was made and the charge was dismissed. (230 App. Div. 739.) The second time, the respondent received moneys in behalf of two clients and failed to account for them in due course. For failure to meet his obligations to his clients until called to account by the bar association, respondent was censured in June, 1935, and was warned at that time that further failure to perform his professional duty would meet with severe discipline. (245 App. Div. 757.)

Respondent is now before the court on a very serious charge growing out of a transaction in the latter part of 1929. It is charged that, having received $150 from a client to prosecute an action to recover the sum of $500 feloniously obtained from the client by the delivery of a forged deed, respondent failed to bring any action. Respondent says he received the $150 for the purpose of examining title to the property described in the forged deed. The larger part of this sum was accepted by respondent after he had learned of the forgery. In connection with the examination of the title, respondent said he had expenses of $35. He, personally, rendered no service of any consequence in connection with the examination of the title. The client asserts that, prior to the time when the $150 retainer was given, $25 had been paid for the examination of the title. Respondent stoutly denies that he was retained to prosecute any action. There is in the record a letter over respondent's signature, addressed to the client, from which it clearly appears that if respondent was the author of the letter, or had directed that it should be written, he had been retained to begin an action, as the client insists. Respondent says he knew nothing about the letter. He admits it contains his signature, but maintains that it was written by somebody without his direction at a time when he was away from the State attending the funeral of his father in Mississippi. He says he had left in his office, when he departed for Mississippi, two sheets of paper, blank except for the fact that his signature was on each of them, for use by his secretary for two certain letters which were to be written in connection with matters having no bearing on the subject under consideration. The signature of respondent is appropriately placed below the typewritten matter in this all-important letter. Proof was presented by respondent to the effect that the material for the letter was obtained by his secretary from the office files of respondent, and that the secretary was the author of the letter and mailed it. The secretary was not produced by respondent on the hearing before the official referee, and her absence was not accounted for. Respondent also presented proof — not convincing — for the purpose of showing that he was not in this State on the date of the letter. There is no proof showing when the letter was received by his client.

There seems to be no doubt that the letter was written by respondent or by his direction. He fails to explain why he should take money from his client for examination of a title when his client held a forged deed.

Upon this record, the official referee was fully justified in finding that respondent was retained to begin an action, for which he was

given a retainer of $150, and that he rendered no services whatsoever in that connection. It is also clear that respondent testified falsely about the above-mentioned letter. Disbarment necessarily follows.

The motion to confirm the report of the official referee should be granted, respondent disbarred, and his name ordered to be struck from the roll of attorneys.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, ADEL and TAYLOR, JJ.

Motion to confirm report of official referee granted, respondent disbarred, and his name ordered to be struck from the roll of attorneys.